[Crim. No. 9056. Second Dist., Div. One. Nov. 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. OLA MAE HAMPTON, Defendant and Appellant.

Jack Dunaway, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendants Hampton and Phill were convicted of selling heroin; Hampton appeals from the judgment. Subsequent to the filing of her opening brief the Attorney General moved to dismiss the appeal on the ground it is "sham and frivolous and lacking in appellate objective." At the hearing on the motion both counsel waived argument and submitted the appeal on the merits and the motion to dismiss on the briefs on file and the record herein.

On November 2, 1962, at approximately 10 a.m. Keyes, an undercover police officer for the narcotics detail, and an informer known as "Big Daddy" met codefendant Phill; Big Daddy told Phill they were looking for "weed" (marijuana). They walked to the corner where they met Rose and after a conversation with her Phill directed officer Keyes to drive them to a hot dog stand where Phill left the car and shortly returned with Milton Law. Keyes told Law he wanted two balloons (heroin); when he asked how much they were, Law said $10 each. The officer said he would not give him the money unless he could accompany him; Law agreed if he would stay a distance behind; the officer gave Law a $20 bill. Law told him he could get the balloons at his girl friend's house in Compton; they drove to defendant's address where the officer and Law entered the house and met defendant. Although Law talked to her the officer was unable to hear, but he did see him hand her the $20 bill. Defendant said, "I'll meet you in the car. Go back to the car, I'll be out"; and returned the $20 bill. Soon defendant joined them and directed the officer to drive to a place where she said they could get the balloons. They stopped several blocks away where defendant and Phill got out and had a conversation with a man on the street; Phill came back to the car and after a short time defendant returned and handed Law the heroin in two balloons—one yellow and one orange; Law passed them to the officer.

Defendant testified that Law and the officer came to where she lived and that Law handed her $20 and asked if she knew where he might get some narcotics; that she returned the money to him and told him, "no," that she didn't want any part of it and rushed them out of the house because she was afraid her husband might come home; that she then went out to the car, met Phill and Rose, got in and after a short drive asked to get out to use the telephone at a friend's house; and that she knocked on the door and no one answered so she returned to the car and was driven to the

corner near her home and got out. She denied the possession or delivery of narcotics; she admitted she had a prior arrest and was familiar with heroin and that she had made inconsistent statements concerning the transaction at the time of her arrest because she was ''more or less going (along) with the officer.''

Counsel has raised no issue of error and makes no claim that the evidence is insufficient to support the judgment. However, appellant, before counsel was appointed, claimed that the trial court overlooked certain facts and statements made during the trial, and reargued the evidence.

The record shows that defendant was well represented throughout the proceedings—her counsel cross-examined the People's witnesses and presented a ''vigorous'' defense on her behalf; that there was no error committed in connection with the admissibility of evidence and no legal problems presented during the trial; and that the evidence is more than ample to support the judgment of conviction. The trial simply presented to the trier a factual conflict and, as he had a right to do, the judge resolved it in favor of the People. Having considered all of the evidence and the ''vigorous defense'' offered by defendant, and having observed and heard the witnesses testify, the court rejected defendant's ''story'' of what occurred as ''just not persuasive,'' accepted as true the police officer's testimony, and concluded that there was ''overwhelming evidence of guilt of the defendants.''

The evidence presents a clear case of simple sale of heroin by defendant; no intervening third party was involved and all transactions were witnessed by the officer. Inasmuch as the trier of fact has the exclusive power to resolve factual conflicts, determine the credibility of witnesses and weigh the evidence (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778]), and there is substantial evidence to support its finding, we will not substitute our determination for that of the trial court. We find no error in the record.

For the foregoing reasons the motion to dismiss is denied and the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.